**STATE of Iowa, Appellee,**

v.

**Leonard KRAKER, Appellant.**

No. 91–1815.

Supreme Court of Iowa.

Jan. 20, 1993.

Timothy W. Shuminsky of Shuminsky, Shuminsky & Molstad, Sioux City, for appellant.

Bonnie J. Campbell, Atty. Gen., Sheryl A. Soich, Asst. Atty. Gen., Thomas S. Mullin, County Atty., and James J. Katcher, Asst. County Atty., for appellee.

Considered by LARSON, P.J., and CARTER, LAVORATO, NEUMAN, and ANDREASEN, JJ.

ANDREASEN, Justice.

Leonard Kraker was charged with ten counts of simple assault in violation of Iowa Code sections 708.1 and 708.2(4) (1989). A jury found him guilty on five counts and not guilty on the remaining five counts. Magistrate Jeffrey P. Myers entered judgments of conviction upon the jury's guilty verdicts. Kraker appealed. District Judge Richard E. Vipond affirmed the judgments. We granted Kraker's application for discretionary review. *See*

Iowa R.Crim.P. 54(7). Finding no error, we affirm.

## I. *Background.*

A criminal complaint accused sixty-three-year-old Kraker of assaulting his nineteen-year-old female employee, T.J., by acts intended to result in physical contact which would be insulting or offensive, between July 19 and August 27, 1990. The acts included grabbing, holding, kissing, attempting to put his hands up her shirt and down her pants. Each count charged Kraker with a simple misdemeanor, punishable with a maximum sentence of imprisonment not to exceed thirty days or a fine not to exceed $100. Iowa Code § 903.1.

Kraker entered not guilty pleas to the charges and demanded a jury trial as permitted by Iowa rules. Iowa R.Crim.P. 45. The charges were tried to a jury of six in a joint trial. *See* Iowa R.Crim. P. 48 and 52. The jury received evidence that Kraker had on separate occasions touched T.J. on her breasts, buttocks, and crotch. The jury also heard a tape recording of a telephone conversation made on August 27, the date T.J. left her employment, in which Kraker repeatedly apologized and assured T.J. he would not touch or come near her again and urged her to continue working for him. The jury also received evidence that Kraker had given T.J. substantial sums of money in addition to her salary during the two months she was employed by him.

The jury found Kraker guilty on counts V, VI, VIII, IX, and X, and not guilty on the remaining counts. The magistrate entered judgments of acquittal upon the not guilty verdicts and judgments of conviction upon the guilty verdicts after denying Kraker's motions for new trial and arrest of judgment. As to counts V, VI, and VIII, Kraker was given a suspended thirty-day sentence on each count. He was fined $100 and ordered to make restitution to the victim on count IX, and was sentenced to serve thirty days in county jail on count X.

Kraker filed a timely notice of appeal from the judgments of conviction. *See* Iowa R.Crim.P. 54. Both appellant and appellee filed briefs with the district court. The magistrate filed a copy of the docket entries, together with copies of the complaint, warrant, motions, pleadings, magistrate's minutes of witness' testimony,[1] exhibits, and other papers in the case. These documents constituted the record on appeal. Iowa R.Crim.P. 48(9).

On appeal to the district court, Kraker raised four issues. The court found the parties had agreed this was a sexual abuse case, and evidentiary rule 412 was applicable. The court addressed each issue and found no basis for setting aside the judgments of conviction entered by the magistrate upon the jury's verdicts.

On appeal to this court, Kraker raises two issues. The first challenges the magistrate's exclusion of evidence that the complaining witness had in the past exchanged sex for drugs. The second challenge relates to the magistrate's allowance of a shorthand reporter employed by T.J. to report the testimony of Kraker at trial.

## II. *Exclusion of evidence.*

Prior to trial, the State filed a motion in limine suggesting the case was in the nature of a sexual abuse case and that Iowa Rule of Evidence 412, "Rape Shield Law," was applicable. The State urged consent to touching of the victim's breasts, buttocks, and pubic area should be treated like consent to sexual intercourse with a person other than the defendant; evidence of prior consensual sexual acts should not be admitted at trial pursuant to rule 412. The State asserted the magistrate has a duty to protect the witness when the examination goes beyond proper cross-examination and is merely to harass, annoy, or humiliate the witness. The State also asked that Kraker be prohibited from asking questions, making statements, or presenting evidence of T.J.'s character or sexual history, for it

1. Proceedings in simple misdemeanor trials are not reported unless a party provides a reporter. The magistrate may cause the proceedings to be reported electronically. Iowa R.Crim.P. 48(9).

Here, the proceedings were not reported or electronically recorded. The magistrate filed more than 28 pages of witness' minutes of testimony made during the two-day trial.

would be irrelevant and in violation of Iowa Rule of Evidence 404. The magistrate sustained the State's motion but expressly provided Kraker was allowed to introduce evidence concerning whether the touching of the victim was offensive.

Kraker argues a defendant charged with sexual abuse who presents a defense of consent is constitutionally entitled to inquire into, and to present evidence of, the alleged victim's prior acts of prostitution for the purpose of cross-examination and to support the consent defense. He stated two witnesses would have testified T.J. had in the past exchanged sex for drugs. He argued this evidence would establish prior acts that closely resemble those of his case, that such evidence is relevant and necessary, and that the probative value of the evidence outweighs its prejudicial value. Kraker urges rule 412(b)(1) specifically allows evidence that is constitutionally required to be admitted.

In many respects, Kraker's arguments are like those raised in *United States v. Kasto*, 584 F.2d 268 (8th Cir.1978), *cert. denied*, 440 U.S. 930, 99 S.Ct. 1267, 59 L.Ed.2d 486 (1979). In *Kasto*, the defendant was convicted of rape. The primary issue raised on appeal was whether the district court erred in prohibiting the introduction of evidence concerning the reputation of the victim for unchastity, her specific prior acts of sexual intercourse with men other than the defendant, and the fact that she was wearing an intrauterine contraceptive device (IUD) at the time of the incident. *Id.* 584 F.2d at 270. The defendant urged he was denied his right to confront the witness and to introduce evidence upon the issue of consent. The court concluded

> that absent circumstances which enhance its probative value, evidence of a rape victim's unchastity, whether in the form of testimony concerning her general reputation or direct or cross-examination testimony concerning specific acts with persons other than the defendant, is ordinarily insufficiently probative either of her general credibility as a witness or of her consent to intercourse with the defendant on the particular occasion

charged to outweigh its highly prejudicial effect.

*Id.* at 271–72 (footnotes omitted). The appellate court agreed with the district court that the evidence sought to be introduced by the defendant failed the threshold test of relevancy. *Id.* at 272.

█ Because we believe rule 412 is limited to those criminal cases in which the defendant is accused of sexual abuse, our review will focus only upon the issue of relevancy. Kraker was charged with assault. The magistrate instructed the jury that the State must prove the defendant did an act that was meant to result in physical contact with T.J. that was insulting or offensive to her. No instruction on consent was given or requested.

█ Relevant evidence has been defined as evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Iowa R.Evid. 401. Evidence that is not relevant is not admissible at trial. Iowa R.Evid. 402. However, not all relevant evidence is admissible. *Id.* Relevant character evidence admissible under rule 404 must also meet the balancing test under rule 403.

█ Consent to a sex act with one person does not imply consent to a sex act with another person. *State v. Ball*, 262 N.W.2d 278, 280 (Iowa 1978). Although a victim's prior consent to a sexual act may, under some circumstances, have some relevancy, "even relevant evidence is not constitutionally required to be admitted if the prejudicial effect outweighs the probative value." *State v. Clarke*, 343 N.W.2d 158, 161 (Iowa 1984); *see also State v. Gettier*, 438 N.W.2d 1, 3–4 (Iowa 1989).

Here, Kraker admits touching T.J. while she was working in his store. He testified that he did not intend the contact to be offensive; it was a "cheap thrill" for him to which she had consented. He also testified that he gave her substantial money during the two months that she was working for him, and that the sexual touching was okay with her as long as he gave her money. It

is clear the defendant was able to present his defense of consent.

The relevancy of alleged prior acts of prostitution must be assessed against the elements of the crime at issue. Evidence that T.J. had allegedly engaged in sexual intercourse in exchange for drugs has no relevancy and should not be admitted. Kraker was not deprived of his right to present evidence upon the issue of whether his sexual touching of T.J. was insulting or offensive. The magistrate's granting of the motion in limine was not error.

III. *Reporting Kraker's testimony at trial.*

■ Before Kraker testified at trial, an attorney representing T.J. asked that the magistrate permit a privately hired court reporter to report Kraker's testimony. Kraker's counsel objected to the request, claiming T.J.'s counsel was attempting to circumvent the discovery rules of civil procedure. The magistrate permitted the reporter to report Kraker's testimony from the back of the courtroom.

Kraker, in his posttrial motion for new trial, claimed the magistrate had committed prejudicial error by allowing a court reporter retained by T.J. to report only his testimony, thereby calling undue attention to his testimony and effectively shifting the burden of proof to him. The magistrate denied Kraker's motion. On appeal, Kraker argues T.J. was not a party; therefore she had no right to report any part of the trial. He urges the allowance of a reporter to make a record from the back of the courtroom gave the jury the impression that his testimony was to be given special emphasis or scrutiny.

The magistrate did not err in allowing Kraker's testimony at trial to be reported by a shorthand reporter employed by T.J. This was a public trial. Iowa rules do not prohibit a private reporter from reporting testimony given in open court. There is no reasonable probability that a jury would give undue emphasis to testimony simply because it was being reported. There is no presumption of prejudice arising from the court's allowance of the reporting of Krak-

er's testimony by a reporter seated in the back of the courtroom.

AFFIRMED.