STATE of Iowa, Plaintiff–Appellee,

v.

Michael Trazeek ROBINSON, Defendant–Appellant.

No. 13–0132.

Court of Appeals of Iowa.

Nov. 6, 2013.

Mark C. Smith, State Appellate Defender, and Martha Lucey, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Jean Pettinger, Assistant Attorney General, and Jennifer Miller, County Attorney, for appellee.

Considered by VOGEL, P.J., and MULLINS and McDONALD, JJ.

McDONALD, J.

Michael Robinson appeals the sentence imposed following his guilty plea to domestic abuse assault, second offense, in violation of Iowa Code sections 708.1, 708.2A(1), and 708.2A(3)(b) (2012). He also contends his attorney was constitutionally ineffective for not requesting a presentence investigation (PSI).

I.

On October 28, 2012, police responded to a report of a domestic disturbance. Police spoke with Robinson and the complaining witness at the scene and arrested Robinson. After negotiation, a plea agreement was reached in which Robinson would plead guilty to domestic abuse assault, second offense, and the parties would jointly recommend a two-year term of incarceration with all but two days of the sentence suspended. Robinson's guilty plea was filed on November 21, 2012, with sentencing set for December 17, 2012.

The State agreed to Robinson's release pending sentencing. Pursuant to the parties' plea agreement, however, the State was allowed to revoke the plea offer and recommend a term of incarceration if Robinson violated the terms and conditions of pretrial release. Robinson did violate the terms and conditions of his pretrial release by violating a no-contact order. He also failed to appear for sentencing, prompting the court to issue a warrant for his arrest.

Robinson was arrested on January 2, 2013, and sentenced on January 11, 2013. The court sentenced Robinson to a term of incarceration not to exceed two years, with credit for time served. As relevant here, the court also imposed "a $10 DVC charge." During the sentencing hearing, the court described this as "a $10 domestic violence fee."

II.

 Robinson contends that the $10 domestic violence fee imposed upon him constitutes an illegal sentence. We review the sentence for corrections of errors at law. *See* Iowa R.App. P. 6.907; *State v. Ragland*, 836 N.W.2d 107, 113 (Iowa 2013). The sentencing court's authority is limited by statute, and any sentence not authorized by statute is void. *See State v. Ohnmacht*, 342 N.W.2d 838, 842 (Iowa 1983) ("The sentencing process is not the sole province of the judiciary. The legislature possesses the inherent power to prescribe punishment for crime, and the sentencing authority of the courts is subject to that power. A sentence not permitted by statute is void.").

The State contends the "charge" is authorized by Iowa Code section 910.2(1), which provides that the sentencing court "shall order" a "contribution to a local anticrime organization" as part of restitution. A "local anticrime organization" is "an entity organized for the primary pur-

pose of crime prevention which has been officially recognized by the chief of police of the city in which the organization is located or the sheriff of the county in which the organization is located." Iowa Code § 910.1(2). This language is qualified by section 910.1(4), which provides that statutory restitution to a "local anticrime organization" shall be made when the organization "provided assistance to law enforcement in an offender's case." The record reveals only that the sentencing court imposed a "$10 DVC charge" or "$10 domestic violence fee." Although the State argues that the charge or fee is for restitution to a local anticrime organization, there is nothing within the record supporting the argument. Nothing in the record establishes the nature of the fee or charge, the authority to impose the fee or charge, the organization, if any, to whom the fee or charge is to be paid, whether the unknown organization is a "local anticrime organization," or whether the unknown organization provided assistance to law enforcement in Robinson's case. Because the statutory prerequisites for imposition of the fee are not in the record, the assessment of the fee is not authorized by statute. Accordingly, we vacate that portion of the sentence ordering the "$10 DVC charge" and remand for the entry of a corrected judgment.

### III.

■ Robinson next contends that his counsel was ineffective for failing to request a presentence investigation prior to the time of sentencing. This claim "need not be raised on direct appeal from the criminal proceedings in order to preserve the claim for postconviction relief purposes." Iowa Code § 814.7(1). However, if the defendant chooses to raise the claim on direct appeal, the "court may decide the record is adequate to decide the claim or may choose to preserve the claim for de-

termination under chapter 822." Iowa Code § 814.7(3). The court concludes that the record is adequate to decide Robinson's claim on direct appeal.

A claim for ineffective assistance of counsel is reviewed de novo. See Iowa R.App. P. 6.907; State v. Finney, 834 N.W.2d 46, 49 (Iowa 2013). To establish counsel was ineffective, a defendant must demonstrate "(1) his trial counsel failed to perform an essential duty, and (2) this failure resulted in prejudice." State v. Straw, 709 N.W.2d 128, 133 (Iowa 2006). Failure to prove either element is fatal to an ineffective-assistance claim. State v. Graves, 668 N.W.2d 860, 869 (Iowa 2003).

■ Because the offense at issue is an aggravated misdemeanor, a PSI is not required. See Iowa Code § 901.2. Indeed, a criminal defendant who pleaded guilty to an aggravated misdemeanor cannot demand a PSI as a matter of right; instead, one can be prepared at the discretion of the district court. See id. At minimum, it can thus be said that counsel had no statutory duty to request a PSI. The court need not address, however, whether counsel breached an essential duty owed Robinson if no prejudice resulted from the alleged breach. See State v. Tate, 710 N.W.2d 237, 239 (Iowa 2006); State v. Pace, 602 N.W.2d 764, 774 (Iowa 1999).

In order to satisfy the prejudice element, Robinson must show there is "a reasonable probability, but for the counsel's unprofessional errors, the result of the proceeding would have been different." See State v. Maxwell, 743 N.W.2d 185, 196 (Iowa 2008). Robinson argues he was prejudiced because the lack of a PSI deprived the sentencing court of mitigating information concerning Robinson's family circumstances, mental health, and substance abuse. The record shows the contrary—Robinson and his counsel both

raised these mitigating circumstances at the time of sentencing. Both argued for a shorter term of incarceration in jail with access to community-based mental health services. The record reveals that the sentencing court took all relevant circumstances under consideration, including the court's personal knowledge of Robinson's failure to comply with the terms and conditions of release while under supervision in this case. The sentencing court concluded that Robinson's conduct while under pretrial supervision demonstrated that Robinson was "not in a good position to comply with probation" thereby making probation inappropriate. Given that the sentencing court was aware of the mitigating information Robinson claims would have been revealed in the PSI, and given that the sentencing court had actual knowledge of Robinson's failure to comply with the terms and conditions of supervised release, there is no reasonable probability the sentencing result would have been different if defense counsel had requested a PSI. Because Robinson has failed to demonstrate prejudice, his ineffective-assistance claim fails.

**SENTENCE VACATED IN PART AND REMANDED WITH INSTRUCTIONS.**