**IN THE COURT OF APPEALS OF IOWA**

No. 4-005 / 12-1355
Filed March 26, 2014

**MICHAEL LEONARD WHITWORTH,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Marion County, Martha L. Mertz, Judge.

A postconviction-relief applicant appeals, claiming his trial attorneys provided ineffective assistance by failing to file a notice to offer evidence of an alleged prior sexual relationship with the victim.    **AFFIRMED.**

John Audlehelm of Audlehelm Law Office, Des Moines, for appellant.

Thomas J. Miller, Attorney General, Bridget Chambers, Assistant Attorney General, Ed Bull, County Attorney for appellee.

Considered by Potterfield, P.J., and Doyle and Bower, JJ.

**BOWER, J.**

Michael Whitworth appeals the postconviction court's denial of his application for postconviction relief, following his convictions for first-degree kidnapping and third-degree sexual abuse. Whitworth claims his trial attorneys provided ineffective assistance by failing to file a notice to offer evidence of an alleged prior sexual relationship with the victim. *See* Iowa R. Evid. 5.412(c). Had this notice been filed and such evidence been approved by the trial court, Whitworth claims he would have testified in his own defense and the outcome of his trial would have been different. After our de novo review, we conclude Whitworth has failed to prove he was prejudiced by counsels' inaction. Accordingly, we affirm.

## I. Background Facts and Proceedings.

From the evening of October 12 through the evening of October 13, 2005, Whitworth confined the victim—first in her own apartment, then in his apartment, and finally back in her own apartment. He left once she fell asleep. Over the course of the confinement, Whitworth brutally beat the victim and committed multiple sexual assaults. Once the victim awoke in the early morning hours of October 14, she ran to her parents' home. The victim and her parents called the police and documented her injuries. The police also photographed blood spatters in the victim's bedroom, which tested positive for her blood. When Whitworth was arrested by police, they photographed a small cut on his right knuckle. Whitworth claimed the cut resulted from an earlier fight, which was unrelated to the victim.

Counsel was appointed to represent Whitworth in the criminal trial. While his attorneys filed a notice of intent to offer evidence of the victim's sexual behavior with persons other than Whitworth, counsel did not file a notice of intent to offer evidence of a past alleged sexual relationship between the victim and Whitworth. At trial, the victim testified to her injuries and described the sexual assaults she endured. Photographs of her injuries were admitted. She stated that while she was previously friends with Whitworth, at no point did she have a romantic or sexual relationship with him. Defense counsel "vigorously" cross-examined the victim in an effort to get her to admit that she consented to the sex acts, but counsels' efforts proved unsuccessful. *See State v. Whitworth*, No. 06-0809, 2007 WL 2963961, at *1 (Iowa Ct. App. Oct. 12, 2007). Defense counsel also called a number of witnesses to testify to the victim's relationships, but the district court did not allow evidence of the victim's past sexual history.

The jury returned guilty verdicts. At sentencing, the court merged the third-degree sexual abuse conviction into the first-degree kidnapping conviction and sentenced Whitworth to life in prison without the possibility of parole.

Whitworth appealed, claiming it was error for the district court to exclude the evidence of the victim's past sexual history. *See id.* Our court affirmed the district court, concluding such evidence was irrelevant. *Id.* at *2 (quoting *State v. Kraker*, 494 N.W.2d 687, 689 (Iowa 1993) ("Consent to a sex act with one person does not imply consent to a sex act with another person.")).

Whitworth's postconviction application claimed, among other things, that counsel was ineffective for failing to file a notice of intent to offer evidence of the

victim's alleged sexual relationship with him. Both of Whitworth's trial attorneys testified at the postconviction hearing. Both affirmed they advised Whitworth not to testify because they had concerns about how he would present himself to the jury. One attorney acknowledged he was aware of Whitworth's claim he had a prior sexual relationship with the victim but noted there was no way to get this information into the record without Whitworth's testimony, unless the victim would admit the relationship.

The postconviction court's ruling noted, even if his attorneys had filed the required notice, Whitworth had no assurance the trial court would have allowed him to testify to a previous sexual relationship with the victim. The postconviction court concluded Whitworth's previous-sexual-encounter claims were self-serving, uncorroborated, and the testimony's nominal relevance was outweighed by the potential prejudicial effects. The postconviction court also concluded, even if the trial court had allowed Whitworth to testify regarding a previous sexual relationship with the victim, such testimony would not have changed the outcome of the trial because the evidence, particularly the evidence of the victim's injuries, strongly supported the conclusion the victim did not consent.

Whitworth appeals.

**II. Scope and Standard of Review.**

We review de novo. *See State v. Robinson*, 841 N.W.2d 615, 617 (Iowa Ct. App. 2013). In order to prove counsel was ineffective, Whitworth must show (1) counsel failed to perform an essential duty, and (2) he suffered prejudice as a result of counsels' failure. *See id.* Whitworth must prove both elements to be

successful, and we need not address the duty prong if we can resolve the claim on the prejudice prong. *See Ledezma v. State*, 626 N.W.2d 134, 142 (Iowa 2001). To establish prejudice, Whitworth must show "there is a reasonable probability that, but for counsels' unprofessional errors, the result of the proceeding would have been different." *See id.* at 143. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

### III. Ineffective Assistance of Counsel.

Iowa Rule of Evidence 5.412 provides in part:

> a. Notwithstanding any other provision of law, in a criminal case in which a person is accused of sexual abuse, reputation or opinion evidence of the past sexual behavior of an alleged victim . . . is not admissible.
> b. Notwithstanding any other provision of law, in a criminal case in which a person is accused of sexual abuse, evidence of a victim's past sexual behavior other than reputation or opinion evidence is also not admissible, unless such evidence is either of the following:
> (1) Admitted in accordance with rules 5.412(c)(1) and 5.412(c)(2) and is constitutionally required to be admitted.
> (2) Admitted in accordance with rule 5.412(c) and is evidence of either of the following:
> (A) Past sexual behavior with persons other than the accused, offered by the accused upon the issue of whether the accused was or was not, with respect to the alleged victim, the source of semen or injury.
> (B) Past sexual behavior with the accused and is offered by the accused upon the issue of whether the alleged victim consented to the sexual behavior with respect to which sexual abuse is alleged.

The rule also sets out the procedural hurdles a defendant must go through in order to obtain the district court's approval to admit evidence of a victim's past sexual behavior, including filing a motion with a written offer of proof to the court no later than fifteen days before trial. *See* Iowa R. Evid. 5.412(c)(1)–(3). In order

to determine the admissibility of the evidence, the court is to hear the evidence in chambers. *Id.* In its ruling, the court must determine whether the evidence is relevant and whether the probative value of the evidence outweighs the danger of unfair prejudice.

Irrespective of (1) whether the trial attorneys herein should have filed the required notice and (2) whether the court herein would have granted the request, we conclude Whitworth cannot show there is a reasonable probability the result of the trial would have been different if he had testified regarding his alleged past sexual history with the victim. The State's case was strong, and the "most important factor under the test for prejudice is the strength of the State's case." S*tate v. Carey*, 709 N.W.2d 547, 559 (Iowa 2006).

The evidence Whitworth claims should have been admitted is only relevant to the issue of the victim's consent to the sexual acts. As noted by the postconviction court, the other evidence at trial strongly supported the conclusion the victim did not consent to sexual acts with Whitworth. The extensive injuries she sustained (a black eye, a cut and swollen lip, bruising to her cheeks and forehead, bruising and scratches on her neck, bruising and abrasions on her back, and bruising on her arm and inner thigh) are particularly significant. Additionally, the police observed and documented blood spatter in the victim's bedroom in the location where she claimed the beating occurred, and Whitworth had an injury on his right knuckle, although Whitworth disputed the source of this injury. Whitworth's proposed testimony—he had *previously* had consensual sex

with the victim—is not sufficient to undermine our confidence in the jury's conclusion.

Because Whitworth failed to prove the prejudice prong of his ineffective-assistance-of-counsel claim, we affirm.

**AFFIRMED.**