# IN THE COURT OF APPEALS OF IOWA

No. 13-0581
Filed May 14, 2014

**STATE OF IOWA,**
　　Plaintiff-Appellee,

**vs.**

**JOEL DAVID HARTER,**
　　Defendant-Appellant.
_____

　　Appeal from the Iowa District Court for Scott County, John D. Telleen, Judge.


　　A defendant appeals from a judgment of conviction for manufacturing methamphetamine following his plea of guilty. **AFFIRMED.**


　　Steven J. Drahozal of Drahozal Law Office, P.C., Dubuque, for appellant.

　　Thomas J. Miller, Attorney General, Sharon Hall, Assistant Attorney General, Michael J. Walton, County Attorney, and Amy K. Devine, Assistant County Attorney, for appellee.


　　Considered by Vaitheswaran, P.J., and Tabor and Bower, JJ.

**TABOR, J.**

Joel Harter challenges his plea of guilty to manufacturing less than five grams of methamphetamine, a class "C" felony, in violation of Iowa Code sections 124.401(1)(c)(6) and 124.413(1) (2011). He argues he received ineffective assistance of plea counsel. Specifically, he claims his attorney was constitutionally deficient in not moving in arrest of judgment based on the district court's failure to tell him, as required by Iowa Rule of Criminal Procedure 2.8(2)(b)(5), that by pleading guilty he waived his right to a trial.

Because the district court told Harter that "by pleading guilty you give up your right to trial," the colloquy substantially complied with the rule and counsel had no duty to challenge the plea by motion in arrest of judgment. Accordingly, we affirm Harter's conviction.

## I.     Background Facts and Proceedings

On the day before Thanksgiving 2012, Davenport police officers responded to a dispatch describing a possible clandestine methamphetamine laboratory. Shane Petre, who lived with his father John Petre, reported seeing his father and Joel Harter in the garage with "white smoke throughout" and "a strong chemical odor." Shane told the officers Harter was holding "a clear bottle that contained a white milky liquid."

When officers arrived at the residence, they also noticed the chemical odor coming from the garage. Harter and John Petre came outside, but denied the officers' request for consent to search. The police obtained a search warrant

and found numerous incriminating items, including one gram of methamphetamine in the driver's seat of Harter's vehicle.

On December 6, 2012, the State jointly charged Harter and John Petre with the manufacture of, or conspiring to manufacture, more than five grams of methamphetamine, a class "B" felony. On January 14, 2013, Harter filed a motion to sever his case from that of co-defendant Petre. On February 6, 2013, the court granted that motion. On March 12, 2013, Harter appeared before the court with a memorandum of a plea agreement. In exchange for Harter's agreement to testify against Petre, the State offered to let Harter plead to the lesser included offense of manufacturing less than five grams of methamphetamine, a class "C" felony. Following a plea colloquy with Harter, the court accepted his guilty plea. On April 11, 2013, the court ordered Harter to serve up to ten years in prison, suspended the minimum fine, and waived the mandatory minimum one-third prison term. Harter now appeals.

## II.    Standard of Review/Preservation of Error

Under Iowa Rule of Criminal Procedure 2.24(3)(a), a defendant may not challenge a guilty plea on appeal unless he filed a motion in arrest of judgment. But our courts observe an exception to the rule when a defendant alleges counsel was ineffective for permitting him to plead guilty without an adequate colloquy and for failing thereafter to file a motion in arrest of judgment. *See State v. Finney,* 834 N.W.2d 46, 49 (Iowa 2013). Accordingly, because Harter argues his plea counsel was ineffective, we may consider the claim in the context of ineffective assistance of counsel.

We review claims of ineffective assistance of counsel de novo because of their constitutional implications. *Id.* To succeed on his ineffective-assistance-of-counsel claims, Harter must show his attorney breached a duty and prejudice resulted. *See State v. Robinson*, 841 N.W.2d 615, 617 (Iowa Ct. App. 2013). Harter "must prove both elements by a preponderance of the evidence." *See State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006). To satisfy the prejudice requirement in a guilty plea case, a defendant must show a reasonable probability that "but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Straw*, 709 N.W.2d at 136 (citing *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

Generally, we do not resolve ineffective-assistance issues on direct appeal, preferring to leave them for possible postconviction relief proceedings. *State v. Biddle*, 652 N.W.2d 191, 203 (Iowa 2002). Those proceedings allow the parties to develop an adequate record and the attorney accused of error to respond to the defendant's claims. *Id.* But we will decide such claims on direct appeal when the record is sufficient to resolve them. *State v. Coil*, 264 N.W.2d 293, 296 (Iowa 1978).

## III. Analysis

Harter argues his plea was not entered intelligently. He claims the record does not show he was aware he was waiving his right to a trial. For a guilty plea to be knowing and voluntary, the defendant must intentionally waive known rights. *State v. Philo*, 697 N.W.2d 481, 488 (Iowa 2005). Harter acknowledges the district court discussed what the State would have to prove at his trial and his

rights of compulsory process and confrontation. But he insists the court did not directly tell him he would not have a trial. Harter claims the colloquy failed to comply with rule 2.8(2)(b).[1]

Substantial, not strict, compliance satisfies the guilty-plea rule. *State v. Myers*, 653 N.W.2d 574, 578 (Iowa 2002). The record here shows substantial compliance. The district court told Harter:

> Before I can accept your guilty plea, I need to make certain that you understand that by pleading guilty you give up your right to trial on the charge along with a number of rights that go with that right to trial. I need to make certain you understand the nature of the charge to which you're pleading and the potential punishment that can be imposed.

The court then asked Harter if understood, and Harter replied, "Yes, I do." The court further informed Harter of the rights he was giving up, including the right to confront and cross-examine witnesses, the right to testify or not, the right to compel witnesses, and the right to counsel. Harter told the court he understood he was giving up all of those rights.

---

[1] Rule 2.8(2)(b) states:
Before accepting a plea of guilty, the court must address the defendant personally in open court and inform the defendant of, and determine that the defendant understands, the following: (1) The nature of the charge to which the plea is offered. (2) The mandatory minimum punishment, if any, and the maximum possible punishment provided by the statute defining the offense to which the plea is offered. (3) That a criminal conviction, deferred judgment, or deferred sentence may affect a defendant's status under federal immigration laws. (4) That the defendant has the right to be tried by a jury, and at trial has the right to assistance of counsel, the right to confront and cross-examine witnesses against the defendant, the right not to be compelled to incriminate oneself, and the right to present witnesses in the defendant's own behalf and to have compulsory process in securing their attendance. (5) That if the defendant pleads guilty there will not be a further trial of any kind, so that by pleading guilty the defendant waives the right to a trial.

The plea colloquy was sufficient to show Harter's intelligent waiver of his right to trial. Accordingly, his plea counsel had no duty to preserve the issue for appeal by filing a motion in arrest of judgment. *See State v. Buck*, 510 N.W.2d 850, 853–54 (Iowa 1994). We reject Harter's claim of ineffective assistance of counsel and affirm his conviction.

**AFFIRMED.**