**IN THE COURT OF APPEALS OF IOWA**

No. 14-0818
Filed July 22, 2015

**CODY L. THOMAS,**
      Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
      Respondent-Appellee.
_____

Appeal from the Iowa District Court for Black Hawk County, Kellyann M. Lekar, Judge.

An applicant appeals from the district court's denial of his application for postconviction relief. **AFFIRMED.**

Darrell G. Meyer, Marshalltown, for appellant.

Thomas J. Miller, Attorney General, Sheryl A. Soich, Assistant Attorney General, Linda Fangman, County Attorney, and Kimberly Griffith, Assistant County Attorney, for appellee State.

Considered by Vogel, P.J., Potterfield, J., and Goodhue, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**VOGEL, P.J.**

Cody Thomas appeals from the court's denial of his application for postconviction relief (PCR), asserting the court erred in concluding his ineffective-assistance-of-counsel claim is precluded by our court's opinion on direct appeal. On direct appeal, our court held that the trial court correctly denied Thomas's request for a compulsion jury instruction because the evidence failed to establish a prima facie case to support the submission of the jury instruction. *See State v. Thomas*, No. 10-0081, 2010 WL 4105618, at *4–5 (Iowa Ct. App. Oct. 20, 2010). In his PCR petition, Thomas asserted, "Trial attorney . . . failed to properly consult with me in order to establish a defense." At the PCR hearing, it became clear the "defense" Thomas was referencing was the compulsion defense.

The PCR court denied this claim, finding "the compulsion defense issue was already determined adversely to Thomas" and Thomas cannot relitigate it in the postconviction action. The court concluded further litigation on the issue was barred. To the extent Thomas's PCR claim can be construed as attacking whether substantial evidence existed to justify giving the jury the compulsion instruction, the district court was correct that this issue was barred by our court's decision on direct appeal. *Wycoff v. State*, 382 N.W.2d 462, 465 (Iowa 1986) ("Issues that have been raised, litigated, and adjudicated on direct appeal cannot be relitigated in a postconviction proceeding.").

Thomas claims on appeal that his PCR claim is focused on trial counsel's failure to adequately prepare Thomas to testify and make a prima facie case for the compulsion defense. This claim, Thomas asserts, is not barred because it

was not litigated in the direct appeal. We agree; however, this ineffective-assistance claim fails on other grounds.

At the PCR hearing, Thomas presented no evidence or testimony as to what trial counsel should have done to prepare him to testify or what other evidence was available to trial counsel to establish a prima facie case for the compulsion defense. *See Dunbar v. State*, 515 N.W.2d 12, 15 (Iowa 1994) ("When complaining about the adequacy of an attorney's representation, it is not enough to simply claim that counsel should have done a better job. The applicant must state the specific ways in which counsel's performance was inadequate and identify how competent representation probably would have changed the outcome.").

Thomas testified he met with trial counsel at least six times prior to trial. Counsel discussed the compulsion defense with him and helped Thomas prepare his testimony. In addition to presenting Thomas's testimony, trial counsel presented the testimony of Thomas's treating physician, who spoke of Thomas's mental health diagnoses, medication, and the fact Thomas was easily intimidated and manipulated. At the PCR hearing, Thomas said he was happy with his doctor's trial testimony and there was nothing left out of the doctor's testimony that Thomas believed should have been presented. No further evidence or discussion was offered at the PCR hearing detailing what counsel should have done to "consult with [Thomas] in order to establish [the compulsion] defense."

In order to sustain his ineffective-assistance claim, Thomas must prove by a preponderance of the evidence that counsel breached an essential duty and he

was prejudiced by the breach. *See State v. Hopkins*, 860 N.W.2d 550, 556 (Iowa 2015). "Failure to prove either element is fatal to an ineffective-assistance claim." *State v. Robinson*, 841 N.W.2d 615, 617 (Iowa Ct. App. 2013). Here, Thomas failed to prove both elements. He failed to articulate what counsel failed to do that breached an essential duty and he failed to demonstrate that trial counsel's failure to perform any such duty caused him prejudice. *See State v. Myers*, 653 N.W.2d 574, 579 (Iowa 2002) (stating conclusory statements of prejudice are insufficient to support an ineffective-assistance claim).

Because the evidence presented at the PCR hearing was insufficient to support his ineffective-assistance claim, as he now articulates it on appeal, we affirm the district court's denial.

**AFFIRMED.**