# IN THE COURT OF APPEALS OF IOWA

No. 14-1993
Filed November 25, 2015

**STATE OF IOWA,**
       Plaintiff-Appellee,

**vs.**

**XAIVER JAMIE LEE RHONE,**
       Defendant-Appellant.
_____

       Appeal from the Iowa District Court for Webster County, Thomas J. Bice (plea) and Kurt L. Wilke (sentencing), Judges.


       A defendant appeals his sentence after entering a guilty plea to going armed with intent.  **AFFIRMED.**


       Mark C. Smith, State Appellate Defender, and Patricia Reynolds, Assistant Appellate Defender, for appellant.

       Thomas J. Miller, Attorney General, Kevin Cmelik and Alexandra Link, Assistant Attorneys General, for appellee.


       Considered by Doyle, P.J., and Mullins and Bower, JJ.

**BOWER, Judge.**

Xaiver Jamie Lee Rhone appeals his sentence after entering a guilty plea to one count of going armed with intent. Rhone claims trial counsel was ineffective for failing to object to the State's failure to follow the plea agreement. Because we conclude the State did not breach the plea agreement, trial counsel had no duty to preserve a meritless objection. We affirm.

**I.      Background Facts and Proceedings**

Following a drive-by shooting, eighteen-year-old Rhone was charged with: one count of going armed with intent, one count of intimidation with a dangerous weapon, one count of carrying weapons, and two counts of assault while using or displaying a dangerous weapon. The State and Rhone reached a plea agreement whereby Rhone agreed to plead guilty to going armed with intent and also agreed to enter a written plea of guilty to fourth-degree criminal mischief in an unrelated case. In exchange, the State agreed to dismiss the other counts and recommend a suspended sentence.

The court accepted Rhone's plea, and the State dismissed the other charges. At the sentencing hearing, defense counsel submitted Rhone's medical records to the court, and Rhone's mother testified that from a young age Rhone suffered from mental health problems and abused drugs. She also stated Rhone's father had not been present in his life and explained that neither she nor Rhone's father had provided a positive role model.

Pursuant to the plea agreement, the State recommended a suspended sentence and probation. The prosecutor explained the plea agreement was

necessary due to a "substantial lack of evidence in the case. At the time the case was charged, the State believed [it] would be able to recover bullets" from the crime scene. "Without any physical evidence, the State is, essentially, unable to prove that a dangerous weapon was utilized." The court questioned the prosecutor and later found the defendant had, in fact, committed a criminal act, which involved pointing a gun at another person and shooting it. The prosecutor responded the "State believes it was a gun but we would be unable to prove it." The court then asked if Rhone had admitted using a gun during his plea. The prosecutor acknowledged Rhone had done so. The court then analogized Rhone's conduct to that of another recent defendant and asked the prosecutor how Rhone's case differed. The prosecutor replied the cases were not different "other than they could prove it in that case."

At this point, defense counsel objected, stating the State was not fulfilling the plea agreement by recommending probation. The court noted but did not rule on the objection, telling defense counsel to make his sentencing recommendation. Defense counsel affirmed the terms of the plea agreement and provided the court with many reasons why the court should follow the agreement, including Rhone's young age and brain development, his unstable upbringing, his problems that caused him to be unsuccessful in school, the ongoing feud between Rhone and the victim over a girl, and Rhone's desire to accept responsibility and be a better person. During his right of allocution, Rhone told the court he was "ready to show everybody I can do better."

The district court stated its reasons for rejecting the probation recommendation and sentencing Rhone to a five-year term:

> First of all, you say he's eighteen years old. Where did he get the firearm? And how did he possibly get a firearm, you know, first of all? And he used it in an attempt, you know, at least apparent attempt to try and harm somebody, to kill somebody.
>
> And I just don't look at that as a probation-type offense and the Department of Corrections agrees with me. Their recommendation of the PSI was that he go to . . . prison. I realize what [both counsel] talked about, but that's the way I'm looking at it.
>
> You got to give me . . . a very, very good solution; and I'm not seeing it. He's got a PSI, shows a criminal history going back to . . . 2006. You know, it's been constant ever since . . . .
>
> . . . .
>
> Suffice it to say, it is the protection of society that has to take top tier in certain cases, and . . . with the type of offense that was perpetrated here, I'm looking at protection of society as probably more important than in talking about rehabilitation.
>
> . . . .
>
> . . . I do believe the prison system provides mental health counseling as well, certainly substance abuse counseling.

Finally, the court qualified the sentence, telling Rhone: "[I]f you get into counseling, and you comply with the counseling, and work hard at it and give me some indication that you mean what you just got done saying, I'll reconsider your sentence." Rhone timely appealed, claiming his counsel rendered ineffective assistance.

## II.    Scope and Standard of Review

Rhone may raise his ineffective-assistance claim on direct appeal. *See State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006). We conclude the record is adequate to address Rhone's challenge. *See id.* We review ineffective-assistance-of-counsel claims de novo. *Id.* To succeed on his claim, Rhone must show, by a preponderance of the evidence, that his counsel breached an

essential duty and he was prejudiced by counsel's failure. *See State v. Hopkins*, 860 N.W.2d 550, 556 (Iowa 2015). "Failure to prove either element is fatal to an ineffective-assistance claim." *State v. Robinson*, 841 N.W.2d 615, 617 (Iowa Ct. App. 2013).

### III. Discussion

The sole claim on appeal is defense counsel was ineffective in not sufficiently objecting and obtaining a ruling on the prosecutor's alleged breach of the plea agreement. We are not persuaded. The record shows the court made its own assessment of the appropriate sentence to impose and there is no evidence to demonstrate the State breached the plea agreement. The State informed the court of the agreement and indicated its support of the recommended sentence. In response to the court's push back to the sentence of probation, the State continued to emphasize the reasonableness of the State's position due to the lack of evidence. The circumstances of this case are dissimilar from cases holding the State breached the plea agreement during sentencing. *See State v. Bearse*, 748 N.W.2d 211, 216 (Iowa 2008) ("The State clearly breached the plea agreement by suggesting more severe punishment than it was obligated to recommend."). Here, the court adamantly rejected the plea agreement while giving specific reasons for imposing the sentence the court determined was more appropriate. Because counsel has no duty to persist in a meritless objection, Rhone's counsel was not ineffective during the sentencing hearing. *See id.* at 214 ("Counsel cannot fail to perform an essential duty by

merely failing to make a meritless objection.").  We affirm Rhone's conviction and sentence.

**AFFIRMED.**