# IN THE COURT OF APPEALS OF IOWA

No. 14-2124
Filed November 25, 2015

**STATE OF IOWA,**
　　　Plaintiff-Appellee,

**vs.**

**TIMOTHY WARREN PITTMAN,**
　　　Defendant-Appellant.
_____

　　　Appeal from the Iowa District Court for Marshall County, Kurt J. Stoebe, Judge.

　　　A defendant appeals from a district denial of a motion to correct an illegal sentence. **CONVICTION AFFIRMED; SENTENCE AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**

　　　Mark C. Smith, State Appellate Defender, for appellant.

　　　Thomas J. Miller, Attorney General, Kevin Cmelik, Assistant Attorney General, and Louis S. Sloven, Student Legal Intern, for appellee.

　　　Considered by Vogel, P.J., and Vaitheswaran and Bower, JJ.

**VAITHESWARAN, Judge.**

Timothy Pittman pled guilty to second degree robbery, domestic abuse assault (second offense), and willful injury. The district court entered judgment and sentence, which included prison terms, and a "$10 Domestic Assault Surcharge." The court suspended the surcharge.

Pittman filed a motion to correct an illegal sentence, arguing the domestic-abuse and willful-injury convictions should have merged with the robbery conviction. The district court denied the motion.

On appeal, Pittman argues "[t]he district court imposed an illegal sentence by failing to merge [his] conviction for domestic assault . . . into his conviction[] for willful injury." Although this is a different merger argument than he raised in the district court, the State urges us to consider the issue on the merits. Because illegal sentences may be corrected at any time, we agree this is the more expeditious option. *See State v. Parker*, 747 N.W.2d 196, 203 (Iowa 2008) ("We may correct an illegal sentence at any time . . . .").

A person may not be convicted of an offense which is necessarily included in "another public offense of which the person is convicted." Iowa Code § 701.9 (2011). In 2001, the Iowa Supreme Court concluded the crimes of domestic abuse assault and willful injury do not merge. *See State v. Rodriquez*, 636 N.W.2d 234, 247 (Iowa 2001). The court stated:

> It is at once apparent that the domestic abuse assault charges contain an element not found in the willful injury charge: "The act occurred between household members who resided together at the time of the incident." Thus, it is possible to commit the greater offense without also committing the lesser offenses. Consequently, the domestic abuse assault convictions are not "necessarily included" in the willful injury conviction.

*Rodriquez*, 636 N.W.2d at 247; *see also State v. Scott*, No. 10-1160, 2012 WL 664635, at *1-2 (Iowa Ct. App. Feb. 29, 2012) ("It is clear that willful injury may be committed without committing domestic abuse assault with the intent to inflict a serious injury, as willful injury does not require a family or household relationship. For this reason, domestic abuse assault with the intent to inflict a serious injury is not 'necessarily included' in the willful injury conviction, and the district court did not err in entering separate judgments and sentences for each crime." (citation omitted)). Based on *Rodriquez*, we decline to merge the crimes.

Pittman also argues the $10 domestic assault surcharge was illegal. The State concedes error on this record. *See State v. Robinson*, 841 N.W.2d 615, 616-17 (Iowa Ct. App. 2013); *State v. Claytor*, No. 12-2228, 2013 WL 5291956, at *4 (Iowa Ct. App. Sept. 18, 2013).

We affirm all of Pittman's sentence except the $10 domestic assault surcharge. We vacate the surcharge and remand for entry of a corrected judgment.

**CONVICTION AFFIRMED; SENTENCE AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**