# IN THE COURT OF APPEALS OF IOWA

No. 17-2004
Filed November 21, 2018

**STATE OF IOWA,**
     Plaintiff-Appellee,

**vs.**

**MARIA AMELIA LEEDOM,**
     Defendant-Appellant.
_____

     Appeal from the Iowa District Court for Black Hawk County, Nathan A. Callahan, District Associate Judge.

     A defendant appeals her conviction for voluntary absence from custody. **AFFIRMED.**

     Julie De Vries of De Vries Law Office, PLC, Centerville, for appellant.

     Thomas J. Miller, Attorney General, and Bridget A. Chambers, Assistant Attorney General, for appellee.

     Considered by Tabor, P.J., and Mullins and Bower, JJ.

**BOWER, Judge.**

Maria Leedom appeals following a conviction for voluntary absence from custody, claiming her counsel was ineffective by failing to request a presentence investigation report (PSI) be completed before sentencing. We affirm her conviction but conclude her claim of ineffective assistance should be preserved for possible postconviction proceedings.

On August 9, 2017, Leedom signed out from her community-based correctional facility to go to work. Leedom called the facility after she finished work that night to indicate she would be late but was walking back to the facility. When Leedom did not return by her extended check-in time, a residential officer tried multiple times to call Leedom, leaving voicemail messages. A check with local hospitals revealed Leedom was not checked in at any of them, and when Leedom was two hours overdue an officer began escape procedures. Leedom did not return and was apprehended by police on August 14. This was Leedom's fourth voluntary absence while at the facility.

On August 22, Leedom was charged by trial information with voluntary absence from custody, a serious misdemeanor, in violation of Iowa Code section 719.4(3) (2017). On October 30, Leedom filed a written guilty plea and waiver of rights. On November 29, the court imposed a one-year jail sentence to run consecutive to the sentences for her underlying convictions. Leedom appeals, claiming her trial counsel provided ineffective assistance by not requesting a presentence investigation report (PSI).

Because they implicate constitutional rights, we review ineffective-assistance-of-counsel claims de novo. *State v. Virgil*, 895 N.W.2d 873, 879 (Iowa

2017). We presume counsel has acted competently. *State v. Hopkins*, 860 N.W.2d 550, 554 (Iowa 2015). To establish a claim for ineffective assistance of counsel, the defendant "must prove both a failure of essential duty by her counsel and resulting prejudice to her." *Id.* at 556.

The offense here was a serious misdemeanor, therefore by statute the court could only order a PSI "upon a finding of exceptional circumstances warranting an investigation." Iowa Code § 901.2(2)(d). A misdemeanant cannot demand a PSI as a matter of right. *State v. Robinson*, 841 N.W.2d 615, 617 (Iowa Ct. App. 2013). While Leedom was in jail for voluntary absence awaiting her plea and sentencing, her child became ill and died. Leedom argues her child's death should qualify as an "exceptional circumstance[ ] warranting an investigation." *See* Iowa Code § 901.2(2)(d). She claims the brief personal and social history included in a misdemeanor PSI would have provided necessary information to the department of corrections for her to obtain a mental-health assessment and treatment resulting in a less-severe sentence.

We have not addressed whether failure to request a PSI breaches an essential duty and have not found a statutory duty to request one. *See Robinson*, 841 N.W.2d at 617. The record is devoid of sufficient information regarding the potential exceptional circumstances to allow us to evaluate what a reasonably competent attorney would have done under the circumstances. This record is not sufficient to determine if Leedom's attorney failed to perform an essential duty.

To prove prejudice, the defendant must show the outcome of the proceeding would have been different. *State v. Fannon*, 799 N.W.2d 515, 523 (Iowa 2011). Leedom's argument focused on potential postconviction treatment

the court or department of corrections may have ordered due to the PSI results but for counsel's alleged error. As with the failure of an essential duty prong, the record is insufficient to determine the potential prejudice. Because the record is not sufficient to determine whether a failure of duty occurred or whether Leedom was prejudiced by that failure, we determine the issue should be preserved for possible postconviction-relief proceedings. *See State v. Johnson*, 784 N.W.2d 192, 198 (Iowa 2010) ("If, however, the court determines the claim cannot be addressed on appeal, the court must preserve it for a postconviction-relief proceeding, regardless of the court's view of the potential viability of the claim.").

We affirm Leedom's conviction for voluntary absence from custody.

**AFFIRMED.**