**IN THE COURT OF APPEALS OF IOWA**

No. 24-0222
Filed June 18, 2025


**CONNOR JAMES GIBBS,**
     Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
     Respondent-Appellee.
_____


     Appeal from the Iowa District Court for Howard County, Laura Parrish, Judge.


     An applicant appeals a district court ruling that dismissed his application for postconviction relief as time-barred.  **AFFIRMED.**


     Denise M. Gonyea of McKelvie Law Office, for appellant.

     Brenna Bird, Attorney General, and Timothy M. Hau, Assistant Attorney General, for appellee State.


     Considered without oral argument by Schumacher, P.J., and Badding and Chicchelly, JJ.

**BADDING, Judge.**

Connor Gibbs appeals a district court ruling that dismissed his application for postconviction relief as time-barred under Iowa Code section 822.3 (2021).  He claims that the court erred in dismissing his application because he met the "ground of fact" exception to the statute of limitations and is entitled to a hearing on the merits.  We affirm.

## I.      Background Facts and Proceedings

In April 2017, Connor Gibbs pled guilty to sexual abuse in the third degree in violation of Iowa Code section 709.4(1)(b)(3)(d) (2016).[1]  He received a deferred judgment and was placed on probation.  In his written guilty plea, Gibbs admitted "that on or about the 16th day of September, 2015, in Howard County, Iowa, I did have sexual relations with a 14 or 15 year old and I was four or more years older than the minor child."  He also agreed that the district court could rely on the minutes of testimony as a further factual basis for the plea.

After multiple probation violations—which included contact with minor children—the district court revoked Gibbs's deferred judgment in February 2018 and sentenced him to prison for an indeterminate term of ten years.  Gibbs did not file a direct appeal.  Instead, in August 2021, Gibbs applied for postconviction relief.  Among other grounds for relief, Gibbs alleged that the State committed a *Brady*[2] violation by "failing to produce that this alleged victim had multiple other

---

[1] This same provision is now found in Iowa Code section 709.4(1)(b)(2)(d).
[2] *Brady v. Maryland*, 373 U.S. 83, 87 (1963) ("[T]he suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution.").

arrangements with other men." According to Gibbs, through his own diligence, he "found another person who provided an affidavit of [the victim's] sexual actions," which he contended would show her "carousing nature."

The affidavit, from a man named Dustin Ruggeberg, was attached to Gibbs's petition and stated:

> I met [the victim] through my friend . . . in high school. She is a girl that likes to mess around with older men. I dated her for one year after [my friend] and her broke up the month before in September of 2015. She was 14 and I was 16 when I dated her that summer. She like[d] to drink, smoke, and flirt at part[ies] with everyone. She makes sexual gestures and advances on the men at these part[ies]. She also did these gestures and advances to my friends and I in high school in 2017 right before I graduated. She also writes and text[s] sexual messages to a lot of older men from her and my hometown.

The State moved to dismiss Gibbs's application in January 2024 alleging, in part, that it was time-barred under Iowa Code section 822.3 (2021). At a hearing on the motion, Gibbs conceded that his application was filed outside the applicable limitations period. But he argued that Ruggeberg's affidavit fell within the statutory exception for "a ground of fact or law that could not have been raised within the applicable time period." The State disagreed, arguing the affidavit was "not new evidence that would be substantial here" because of "the rape shield protection for victims." *See* Iowa R. Evid. 5.412.

Following the hearing, the district court preliminarily ruled that Gibbs had failed to show a nexus between the affidavit and his conviction. The court reasoned:

> Rule of Evidence 5.412 specifically prohibits evidence offered to prove that a victim engaged in other sexual behavior or evidence offered to prove a victim's sexual predisposition. . . . A minor child cannot consent to a sex act with an adult. Any evidence of the minor

victim's sexual behavior or sexual predisposition would not be relevant and, even if this Court were to determine Gibbs could not have discovered these facts within the three-year time period, he cannot demonstrate a nexus to qualify for the exception under Section 822.3. Therefore, summary dismissal of his application is appropriate.

The court gave Gibbs twenty days to reply to its proposed dismissal. Gibbs did so, arguing "Ruggeberg's statements regarding S.E.'s conduct and his comments about the quality of S.E.'s character are certainly paramount to impeaching S.E.'s credibility."[3] After reviewing the reply, the court confirmed its earlier ruling and dismissed Gibbs's postconviction-relief application. Gibbs appeals.

## II.     Standard of Review

We review the district court's summary disposition of a postconviction-relief application for correction of errors at law. *Schmidt v. State*, 909 N.W.2d 778, 784 (Iowa 2018). In doing so, we apply the summary judgment standards to the statute of limitations issue, with the burden on the State as the moving party to show the absence of a genuine issue of material facts. *Moon v. State*, 911 N.W.2d 137, 143 (Iowa 2018).

## III.     Analysis

Iowa Code section 822.3 requires postconviction-relief applications to "be filed within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued." Gibbs

---

[3] In support of this argument, Gibbs contended S.E. "created and utilized a fake social media profile under a fake name and displaying her age to be 18." But mistake of fact is not a defense to Gibbs's crime. *See State v. Tague*, 310 N.W.2d 209, 212 (Iowa 1981). In any event, Gibbs does not repeat this argument on appeal, so we do not consider it further.

acknowledges that his application was not filed within that deadline, relying instead on the statute's exception to its limitation period: "However, this limitation does not apply to a ground of fact or law that could not have been raised within the applicable time period." Iowa Code § 822.3.

For this exception to apply, there must be a nexus between the asserted ground of fact and the challenged conviction. *Harrington v. State*, 659 N.W.2d 509, 520 (Iowa 2003). "This additional requirement is based on the common sense conclusion that it would be absurd to toll the statute of limitations pending the discovery of a trivial fact that could not possibly affect the challenged conviction." *Id.* An exonerating ground of fact must therefore be relevant to that conviction. *Id.* at 521. "By 'relevant' we mean the ground of fact must be of the type that has the potential to qualify as material evidence for the purposes of a substantive claim under section 822.2." *Id.*

On appeal, Gibbs reprises his argument that the affidavit satisfies the nexus requirement because it "indicates that the victim engaged in a pattern of behavior that would bring into question whether her allegations against Gibbs were true." In other words, Gibbs contends the affidavit about the victim is relevant as impeachment evidence. While impeachment evidence is not automatically excluded from the potentially material evidence category, *see Moon*, 911 N.W.2d at 144, this evidence was not impeaching.

We start by addressing an undercurrent of Gibbs's argument—that because Ruggeberg observed that the victim "like[d] to mess around with older men" and make "sexual advances and gestures," she did the same thing with Gibbs. But, as the district court found, consent was not at issue here. Because S.E. was fifteen

years old and Gibbs was more than four years older, she could not consent to any sex act with him. *See* Iowa Code § 709.4(1)(b)(3)(d) (2016); *see also State v. Willet*, 305 N.W.2d 454, 456 (Iowa 1981) (explaining in a statutory rape case "whether force or a lack of consent is present is immaterial"); *State v. Thorne*, No. 16-0355, 2016 WL 6396020, at *2 (Iowa Ct. App. Oct. 26, 2016).

Moreover, for at least the past half century, our supreme court has rejected the idea "that a victim's consent to intercourse with one man implies her consent in the case of another." *State v. Ball*, 262 N.W.2d 278, 280 (Iowa 1978); *accord State v. Kraker*, 494 N.W.2d 687, 689 (Iowa 1993) ("Consent to a sex act with one person does not imply consent to a sex act with another person."). That principle is embodied in Iowa's rape-shield rule—Iowa Rule of Evidence 5.412—which "generally prohibits evidence of specific instances of a victim's 'other sexual behavior.'"[4] *State v. Montgomery*, 966 N.W.2d 641, 653 (Iowa 2021) (quoting Iowa R. Evid. 5.412)). Gibbs does not contend that the affidavit meets any of the exceptions to this general prohibition, *see Donahue*, 951 N.W.2d at 8, or otherwise explain the nexus between the affidavit and his conviction.

Simply put, Ruggeberg's statements about S.E.'s other sexual acts or general reputation—even assuming they were true—are not "of the type that has the potential to qualify as material evidence for the purposes of a substantive claim under section 822.2" and could not possibly affect his conviction for third-degree sexual abuse under Iowa Code section 709.4(1)(b)(3)(d). *Harrington*, 659 N.W.2d

---

[4] Although *false* allegations of other sexual abuse are not protected under the rule, *see State v. Donahue*, 951 N.W.2d 1, 8 (Iowa 2021), Ruggeberg's affidavit does not provide new evidence of prior false allegations by S.E.

at 520; *see also Garcia v. State*, No. 23-1246, 2025 WL 52831, at *2 (Iowa Ct. App. Jan. 9, 2025) (concluding a postconviction-relief applicant failed to meet the nexus requirement where the asserted new ground of fact was inadmissible and irrelevant). We accordingly agree with the district court that the nexus between the asserted ground of fact and challenged conviction was absent.

The court's ruling on this issue properly applied the ground-of-fact test set out in *Harrington* and *Moon* and was not a ruling on the merits, as Gibbs contends on appeal. *See Moon*, 911 N.W.2d at 143 (distinguishing between the ground-of-fact exception in section 822.3 and a substantive claim based on newly discovered evidence under Iowa Code section 822.2(1)(d)). And the fact that Gibbs alleges a *Brady* violation doesn't exempt his petition from the statute of limitations. *See Harrington*, 659 N.W.2d at 520–21 (applying the test for the ground-of-fact exception in section 822.3 to determine timeliness before reaching the merits of an alleged *Brady* violation).

We also reject Gibbs's broad contention that his ineffective assistance of counsel claims entitled him to an evidentiary hearing on the merits. The time-bar in section 822.3 does not contain a separate exception for ineffective-assistance claims, which must still pass the ground-of-fact test. *See Cornell v. State*, 529 N.W.2d 606, 612 (Iowa 1994). Gibbs's application for postconviction relief raised several such claims, and he does not specify which—if any—would satisfy that test. We will not make that argument for him. *See Hyler v. Garner*, 548 N.W.2d 864, 876 (Iowa 1996) ("[W]e will not speculate on the arguments [a party] might have made and then search for legal authority and comb the record for facts to support such arguments.").

For these reasons, we affirm the district court's dismissal of Gibbs's postconviction-relief application as time-barred under section 822.3

**AFFIRMED.**